# UNITES STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____ X

| | | |
|---|---|---|
| Eduardo Tineo<br>individually and on behalf of all<br>others similarly situated | **Plaintiffs** | **Docket No. 11-1954** |
| **-against-** | | |
| Immediate Credit Recovery, Inc. | **Defendants** | **FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Unlawful Debt Collection Practices**<br><br>**TRIAL BY JURY DEMANDED** |

_____

## I. CLASS ACTION COMPLAINT

Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq. ("FDCPA"), to recover damages by reason of Defendant's violations of the FDCPA, and alleges:

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

2. Plaintiff, Eduardo Tineo, is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt.

3. Immediate Credit Recovery is an out of state corporation doing business in New York. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

5. The alleged debt Defendant sought to collect from Plaintiff is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes, and no part of such debt was incurred for business purposes. The debt alleged to be owed was related to the Plaintiff's education.

## IV.  FACTUAL ALLEGATIONS

6. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

7. At all times herein relevant, Defendant was and is a "debt collector" as that term is defined by 15 USC 1692a(6).

8. Within one year preceding the date of the filing of the complaint, the Defendant transmitted the document attached as Exhibit A to the Plaintiff's employer using a facsimile machine. (hereinafter "the fax").

9. The fax was transmitted to a telephone number belonging to the Plaintiff's employer.

10. The fax was received by a person other than the Plaintiff.  The fax was then delivered to the Plaintiff.

11. Exhibit A is a form and on information and belief, the Defendant uses such form in their practice to attempt to collect debts from other consumers.

12. Exhibit A indicates that the document is being sent seeking "Employment Verification."

13. Exhibit A illegally informed the Plaintiff's employer that Defendant was attempting to collect a debt from Plaintiff.

14. Exhibit A illegally requests that the Plaintiff's employer supply personal information about the Plaintiff.

15. On information and belief, the Defendant and/or its agents mailed forms materially identical or substantially similar to the employers' of other New York consumers within one year preceding the filing of this complaint.

## V. VIOLATIONS OF THE FDCPA

16. The actions of the Defendant as described above violate 15 USC 1692 e; 15 USC 1692e(5); 15 USC 1692 e(10); 15 USC 1692b; 15 USC 1692b(1); 15 USC 1692c(b); and 15 USC 1692d.

17. Defendant's actions as described herein violate 15 USC 1692c(b) in that the Defendant communicated with the Plaintiff's employer about the alleged debt without the prior express consent of the Plaintiff.

18. Defendant's actions as described herein violate 15 USC 1692b(1) in that the Defendant communicated with a third party without stating that the Defendant was confirming or correcting location information. Defendant's actions as described herein also

violate 15 USC 1692b(1) in that the Defendant informed Plaintiff's employer the name of the Defendant without such information being expressly requested.

19. Defendant's actions as described herein violate 15 USC 1692b(2) in that Exhibit A indicated to a third party that the Plaintiff owed a debt.

20. Defendant's actions as described herein violate 15 USC 1692d in that defendant's actions have the natural consequence to harass the Plaintiff .

21. Defendant's actions as described herein are false and deceptive in that Exhibit A indicates that the Defendant has a legal right to request personal information about the Plaintiff, and that the Plaintiff's employer is legally obligated to provide the Defendant with such information. Exhibit A also falsely threatens the Plaintiff's employer by falsely implying that the Plaintiff's employer

## VI. CLASS ALLEGATIONS

22. Plaintiff brings the following class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and on behalf of all persons in the State of New York to whose employer, or former employer, the Defendant sent forms materially identical, or substantially similar to Exhibit A, within one year preceding the filing of this action.

23. The claims asserted in this case satisfy the requirements of Rule 23(a) because:

    (A)    The members of the class are so numerous that joinder of all members is impractical.

    (B)    There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual Class members.

    (C)    The only individual issue is the identification of the consumers to

>   whose employer, or former employer, the Defendant sent forms materially identical to Exhibit A (*i.e.,* the Class members), a matter capable of ministerial determination from the Defendant's records.
>
> (D) The Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.
>
> (E) Plaintiff will fairly and adequately represent the Class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiffs' interests are consistent with those of the Class members.

24. Class action treatment is appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

25. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

26. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, Plaintiffs will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiffs asks that this Court enter judgment in his favor and on behalf of the Class, against Defendant as follows:

(A) Certify the proposed the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and her counsel to represent the Class;

(B) Statutory damages as provided by §1692k of the FDCPA;

(C) Attorney's fees, litigation expenses and costs incurred in bringing this action;

(D) Any other relief this Court deems appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

**Dated:** **West Islip, NY**
**April 19, 2011**

**Respectfully submitted,**

_____
**Joseph Mauro (JM: 8295)**
**306 McCall Ave.**
**West Islip, NY 11795**